**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

SUHAIL M. VARGAS-RODRIGUEZ, ET AL
Plaintiffs
v.
DR. JOHN RIOS-BATISTINI, ET AL.
Defendants

**Civil No. 09-1411 (SEC)**

**OPINION and ORDER**

Pending before this Court is Co-Defendants Dr. John Rios-Batistini ("Dr. Rios), and Centro de Salud de Lares, Inc.'s ("CDT") (collectively "Defendants") motion to dismiss. Docket # 7. To this date, Plaintiffs have failed to oppose. After reviewing the filings, and the applicable law, Defendants' motion to dismiss is **GRANTED**.

**Factual Background**

On February 11, 2008, Plaintiffs filed suit against Defendants, and other co-defendants, for medical malpractice under the commonwealth's tort statute. Article 1802, P.R. Laws Ann. tit. 31, § 5141. According to the complaint, on March 4, 2006, Plaintiff Suhail M. Vargas-Rodriguez ("Vargas") suffered injuries to her right hand as a result of a car accident. She was taken to CDT's Emergency Room, whereupon Dr. Rios saturated the wounds, and later discharged her. Plaintiffs contend that despite the severity of her injuries, Dr. Rios did not order x-rays. A few days later, due to continuous pain and swelling, Vargas went to CIMA Hospital at Isabela, and upon receiving the results from the x-rays, the attending physician informed her that she had suffered a fracture to her right hand. However, Plaintiff was informed that the fracture could not be corrected due to the delay in treatment. Based on the foregoing, Plaintiffs argue that Defendants failed to provide adequate treatment, and as a result, she suffers intense pain, and permanent damages to her right hand.

On May 6, 2009, Defendants filed a notice of removal with this Court. Docket # 1. According to Defendants, removal is proper since CDT is a covered entity under the Department ogf Health and Human Services' Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. 233. They further contend that Plaintiffs's tort claims against them constitutes a suit for money damages against the Unites States, covered under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). In light of this, on June 1, 2009, Defendants filed a motion to dismiss, arguing that this Court lacks subject-matter jurisdiction. Docket # 7. Specifically, Defendants aver that under the FTCA, only the United States is liable for the negligent acts of omissions of its employees while acting within the scope of their employment. They further argue that insofar as the United States is not a party to this suit, dismissal is warranted.

After reviewing the pleadings, and noting Plaintiff's failure to oppose the notice of removal or oppose Defendant's motion to dismiss, this Court ordered Plaintiff to show cause why the case should not be dismissed for lack of prosecution. Docket # 8. To this date, Plaintiff has failed to comply with said order, or filed a response to the pending motion. As such, Defendants' motion to dismiss is deemed unopposed.

**Standard of Review**

*FED. R. CIV. P. 12(b)(1)*

FED. R. CIV. P. 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). Under this rule, a wide variety of challenges to the Court's subject matter jurisdiction may be asserted, among them those based on sovereign immunity, ripeness, mootness, and the existence of a federal question. Id. (citations omitted). A Rule 12(b)(1) motion may also be based on the plaintiff's failure to exhaust administrative remedies that are a prerequisite to the suit. United States v. Lahey Clinic Hosp., Inc., 399 F.3d 1, 8 fn.6 (1st Cir. 2005). Justiciability is a component of a court's subject matter jurisdiction, and, as such, must be reviewed following

Rule 12(b)(1)'s standards. Sumitomo v. Quantum, 434 F. Supp. 2d 93 (D.P.R. 2006). A court faced with a Rule 12(b)(1) motion should give it preference. Dynamic Image Technologies, Inc. v. U.S., 221 F. 3d 34, 37 (1st Cir. 2000).

A plaintiff faced with a motion to dismiss for lack of subject matter jurisdiction has the burden to demonstrate that such jurisdiction exists. See Lord v. Casco Bay Weekly, Inc., 789 F. Supp. 32, 33 (D. Me. 1992); see also SURCCO V. PRASA, 157 F. Supp. 2d 160, 163 (D. P.R. 2001). However, in order for a plaintiff's claim to be dismissed for lack of subject matter jurisdiction, due to the inadequacy of the plaintiff's federal claim, that claim must be ". . . so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974). In this context, this Court is empowered to resolve factual disputes by making reference to evidence in the record beyond the plaintiff's allegations without having to convert the motion to dismiss into one for summary judgment. See Lord, 789 F. Supp. at 33 (D. Me. 1992); see also SURCCO, 157 F. Supp. 2d at 163 (D. P.R. 2001). "Where a party challenges the accuracy of the pleaded jurisdictional facts, the court may conduct a broad inquiry, taking evidence and making findings of fact." Hernández-Santiago v. Ecolab, Inc., 397 F. 3d 30 (1st Cir. 2005). Therefore, the court may consider extrinsic materials, "and, to the extent it engages in jurisdictional fact-finding, is free to test the truthfulness of the plaintiff's allegations." Dynamic, 221 F. 3d at 38. That is, the principle of conversion of a motion to dismiss into a motion for summary judgment when extrinsic materials are reviewed, does not apply in regards to a motion to dismiss for lack of subject matter jurisdiction. Id.

**Applicable Law and Analysis**

After reviewing the record, this Court takes judicial notice that CDT is a grantee of the Federal Department of Health and Human Services. Pursuant to the FSHCAA, the health center and its employees are covered under the FTCA. See 42 U.S.C. § 233(a). Therefore, Plaintiffs'

claims against CDT are covered by the FSHCAA, and the exclusive remedy is provided by the FTCA.

Under the FTCA, the United States waived its sovereign immunity "for certain torts committed by federal employees." F.D.I.C. v. Meyer, 510 U.S. 471 (1994). The FTCA's jurisdiction conferring clause vests the district courts with

> exclusive jurisdiction of civil actions on claims against the Untied States, for money damages... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his... employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the action or omission occurred.

28. U.S.C. § 1346(b). Furthermore, the FTCA states that the authority of any federal agency to sue and be sued in its own name shall not be understood to authorize suits against the federal agency on claims which are cognizable under the FTCA. 28 U.S.C. § 2676 (a);[1] Meyer, 510 U.S. at 476.

Therefore, "if a suit is cognizable under § 1346(b) of the FTCA, the FTCA remedy is exclusive and the federal agency cannot be sued in its own name, despite the existence of a sue-and-be-sued clause." Meyer, 510 U.S. at 476. It is now beyond dispute, "that the United States, and not the responsible agency or employee, is the proper party defendant in a[n FTCA] suit." Galvin v. Occupational Safety & Health Administration, 860 F. 2d 181, 183 (5th Cir. 1988); see also De Jesus Maldonado v. VAH, 2009 U.S. Dist. LEXIS 75588 (D.P.R. 2009). That is, "a suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government... employees... and courts have consistently held that an ... employee cannot be sued *eo nomine* under the [FTCA]" Id. As a result, "an FTCA claim

---

[1] Section 2676(a) provides that "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive." 28 U.S.C.A. § 2679(a).

against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." Id.; see also Lora-Rivera v. DEA, 800 F.Supp. 1049, 1050 (D.P.R. 1992). Since the United States is the only proper defendant, and it is not a party in this suit, this Court lacks subject-matter jurisdiction. As such, Plaintiffs' claims against Defendants are hereby **DISMISSED with prejudice**.

Considering the above, this Court need not address Defendants' argument that Plaintiffs' claims are time-barred. Moreover, discussion regarding the FTCA's exhaustion of administrative remedies requisite is unnecessary.[2]

**CONCLUSION**

In light of the above, Defendant's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of November, 2009.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge

[2] To be able to sue the United States under the Federal Tort Claims Act, a claimant must first file an administrative claim to the appropriate federal agency, and the claim must be denied by the agency. 28 U.S.C. § 2675 (a). If the agency fails to make a final determination regarding a claim within six months after it is filed, the claimant may opt to deem the lack of response as a final denial of the claim. Id. Exhaustion of plaintiffs' administrative remedies is a jurisdictional prerequisite to the prosecution of FTCA claims in a federal court. Cotto v. United States, 993 F.2d 274, 280 (1st Cir. 1993). Estate of Barrett v. United States, 462 F.3d 28, 38 (1st Cir. 2006).

**CIVIL NO. 09-1411 (SEC)** **Page 6**